QUESTIONS: 1. Does a court order to expunge a record mean to extract all references to the applicable party and literally destroy the record by burning or shredding? 2. May an order to expunge records be interpreted to mean the removal of all references to the person in question and the sealing and retention of such papers in a safe place in case same may be needed in a future proceeding?
SUMMARY: A court order to expunge a record means that such record should be physically annihilated, destroyed, or obliterated. An order to expunge records cannot be interpreted to mean the removal of all references to the person in question and the retention of said records in a safe place for future proceedings. AS TO QUESTION 1: The plain meaning of an order to expunge is that the record or records designated therein should be physically annihilated, destroyed, or obliterated. As I read the authorities, expunction is not a legal act but rather an act of physical destruction. See Black's Law Dictionary, Revised 4th Edition; 35 C.J.S. Expunge p. 343; 15A Words and Phrases, pp. 593, and cases cited therein. Indicative of this is the remark of the court in Application of Brandon, 131 N.Y.S.2d 204 (1954). We quote: Void judgments or erroneous findings and decisions may be vacated and set aside, but all this is correction. Expunge means to destroy or obliterate. "It implies not a legal act, but a physical annihilation." See Andrews v. Police Court of City of Stockton, Cal.App., 123 P.2d 128, 129. Florida law is not without precedent for the destruction of official records. Courts have for some time been authorized to destroy certain juvenile records. Section 39.12, F.S. Recently, broad provision has been made for the expunction of criminal records of persons who are arrested or charged with crimes or municipal ordinance violations but who are not adjudicated guilty. Section 901.33, F.S. (1974 Supp.) (Ch. 74-206, Laws of Florida). Section 901.33 is a significant expansion of a similar provision relating to the records of those persons charged with but not adjudicated guilty of possession of drugs. See s. 893.14, F.S. All of these provisions are statutory exceptions to the general requirement that public records may not be destroyed without consent of ". . . the division of archives, history and records management of the department of state." Section 119.041, F.S. I think the clear mandate of s. 901.33, supra, is to require the physical destruction of all records suggesting that a person (who meets the tests of the law) has been arrested or charged with a criminal offense or municipal ordinance violation. There is an important proviso that the Department of Criminal Law Enforcement shall retain a nonpublic record to be made available only to law enforcement agencies in the event of a future investigation of said person for an act which, if committed, would be an offense similar to the one for which the person had been charged and found not guilty. This proviso means that local law enforcement agencies shall expunge their own records upon receipt of a court order of expunction, but a nonpublic copy of the record shall be kept by the Department of Criminal Law Enforcement. When an order to expunge is based on a statutory proceeding, the provisions of the statute in question relating to expunction should be carefully examined. This opinion does not purport to constitute a survey of all statutory provisions relating to expunction. The statutory provisions in this area will differ. It is emphasized that upon receipt of an order to expunge, you should consider the statute in question in order to determine the extent or nature of the expunction required thereby. AS TO QUESTION 2: I do not believe that the retention of evidence or statements relating to a person whose records are to be expunged would be a sufficient compliance with an order to expunge even though all references to the person in question are removed and the papers and documents are retained in a safe and secure place. In large measure, the course of action to be followed by the public official who receives the order to expunge would depend on the language or the order itself. For example, should the order direct that all records relating to a particular person in a given proceeding are to be expunged, then in my opinion all such records must be physically destroyed. If there is any doubt as to whether certain records come within the meaning and intent of the order to expunge, then clarification should be requested from the judge who issued the order.